# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Roger R. Pinkelton,** | ) | **CASE NO. 4:18 CV 740** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **United States of America,** | ) | **AND ORDER** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

*Pro se* plaintiff Roger R. Pinkelton is a federal prisoner currently housed at the Federal Medical Center in Butner, North Carolina. He has filed an *in forma pauperis* complaint in this action against the United States, alleging medical malpractice in connection with the medical care he received while he was previously incarcerated at FCI Elkton. (Doc. No. 1.)

Although pleadings filed by *pro se* litigants are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), federal courts are required under 28 U.S.C. § 1915A to screen any action in which a prisoner seeks redress from a governmental entity, and to dismiss before service any such action the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A; *Hill v.*

*Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to state a claim on which relief may be granted, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *See id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. § 1915A).

Upon initial review, the Court finds the plaintiff's complaint must be dismissed.

Negligence claims against the United States may only be brought under the Federal Tort Claims Act ("FTCA"), which is the exclusive avenue of recovery for torts committed by federal government employees. *See United States v. Smith*, 499 U.S. 160, 166 (1991). Before a party may bring an action under the FTCA, he must first exhaust his administrative remedies by presenting his claim to the proper federal agency and that agency must deny his claim. *See* 28 U.S.C. § 2675(a). The claimant must give the agency written notice of his claim sufficient to enable the agency to investigate it. *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir. 1981). *See also Bumgardner v. United States*, 469 F. App'x 414, 417 (6th Cir. Mar. 14, 2012) (recognizing that, under the FTCA, the failure to exhaust administrative remedies is "jurisdictional").

The plaintiff's complaint and its exhibits do not suggest he has properly exhausted his administrative remedies as required to pursue a tort claim under the FTCA.

**Conclusion**

Accordingly, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A. This dismissal is without prejudice to claims the plaintiff may properly assert after exhaustion of his administrative remedies. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith

IT IS SO ORDERED.

                                                /s/Donald C. Nugent

                                                DONALD C. NUGENT
                                                UNITED STATES DISTRICT JUDGE

Dated: _May 18, 2018___